UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CESAR SILVA,**

    **Plaintiff,**

v.                                                                              Case No:

**CASA VERDE MHC, LLC,**
**and HUNTER WARFIELD, INC.,**

    **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **CESAR SILVA** ("Mr. Silva" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **CASA VERDE MHC, LLC** ("Debt Owner"), and **HUNTER WARFIELD, INC.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting the legal right to collect an illegitimate debt when Defendants know such debt does not exist, which can reasonably be expected to harass Mr. Silva.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **1** of **13**

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Silva, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Mr. Silva is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. At all times material hereto, Debt Collector was and is a limited partnership with its principle place of business in the State of FL, and its registered agent, Stephen Soboto, located at 4620 Woodland Corporate Blvd., Tampa, FL 33614.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

8. At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of IL, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **2** of **13**

9. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Silva's alleged debt.

10. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Silva's alleged debt for Debt Owner.

11. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Silva's information.

13. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Silva's information into Debt Owner's sales or customer systems.

14. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15. Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when communicating with Mr. Silva.

16. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when contacting Mr. Silva and Debt Owner failed to stop such violations by Debt Collector.

17. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Silva's debt on behalf of Debt Owner.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **3** of **13**

## *Statements of Fact*

18. Mr. Silva owned a mobile home as his personal residence ("Mobile Home") and rented a lot from Debt Owner, which charges for such rental opened a unique account under Mr. Silva's name with Debt Owner ("Account").

19. Mr. Silva and Debt Owner were thereafter involved in extended federal litigation against each other, where Mr. Silva alleged that Debt Owner undertook actions in violation of federal law. *See Cesar Silva and Zamantha Tapia v. Casa Verde MHC, LLC, ET. AL.*, M.D. Fla. Case No. 8:17-cv-02385-SCB-CPT.

20. In September of 2018, Mr. Silva moved out of his Mobile Home.

21. At the time of moving out of his Mobile Home, Mr. Silva was current on all payments towards the Account.

22. Despite not having a balance owed under the Account as of September of 2018, on or around December 7, 2018, Mr. Silva received a letter from Debt Owner ("Collection Letter 1") that represented a balance owed under the Account ("Debt"). *See* **Exhibit A.**

23. Collection Letter 1 was directly addressed to Mr. Silva, represented that Mr. Silva was past due on his lot rent, demanded a total payment of $831.43 due by December 12, 2018, and represented that if payment was not provided by the due date then the rental agreement would be terminated and Mr. Silva would need to evacuate the mobile home park. *See* **Exhibit A.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **4** of **13**

Case 8:20-cv-01984-TPB-JSS   Document 1   Filed 08/25/20   Page 5 of 13 PageID 5

24. Mr. Silva was confused by Collection Letter 1, as he no longer lived in the Mobile Home and did not have a balance on the Account when he moved out in September of 2018.

25. Accordingly, on December 19, 2018, Mr. Silva sent an e-mail to Debt Owner notifying Debt Owner that he does not live at their mobile home park and demanded that Debt Owner stop contacting him. *See* **Exhibit B.**

26. On December 20, 2018, Mr. Silva sent a second e-mail to Debt Owner notifying Debt Owner that he does not live at their mobile home park and demanded that Debt Owner stop contacting him. *See* **Exhibit C.**

27. On December 21, 2018, Debt Owner sent a letter to Mr. Silva confirming that he did not owe the alleged Debt. *See* **Exhibit D.**

28. Despite Debt Owner's written confirmation that Mr. Silva did not owe the alleged Debt, Debt Owner then sold, assigned, or transferred the alleged Debt to Debt Collector for collection purposes.

29. Under information and belief, Debt Owner notified Debt Collector at the time of sale, assignment, or transfer that Mr. Silva did not owe the alleged Debt.

30. In or around May of 2020, Debt Collector began sending collection letters directly to Mr. Silva in attempts to collect the Debt.

31. For example, on May 21, 2020, Debt Collector sent Mr. Silva a letter in connection with collection of the Debt ("Collection Letter 2"). *See* **Exhibit E.**

32. Collection Letter 2 was directly addressed to Mr. Silva, demanded a total amount due of $706.43, represented that "[t]his is a communication from a debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **5** of **13**

collector," "[t]his is an attempt to collect a debt," and "[a]ny information obtained will be used for that purpose," and offered options for payment, including by online portal, by phone, or by mail. *See* **Exhibit E.**

33. Debt Owner's Collection Letter 1 and Debt Collector's Collection Letter 2 (collectively "Collection Letters") were sent to Mr. Silva in an attempt to collect the alleged Debt.

34. Defendants' Collection Letters caused Mr. Silva to be confused about whether the status of the Debt was properly due and owing.

35. Defendants' Collection Letters caused Mr. Silva to rely upon such Collection Letters and consider remitting a payment for a Debt that he does not owe.

36. Defendants' Collection Letters caused Mr. Silva to fear that the Debt would appear on his credit report and improperly cause a negative impact on his credit score.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

37. Mr. Silva re-alleges paragraphs 1-36 and incorporates the same herein by reference.

38. Mr. Silva is a "consumer" within the meaning of the FDCPA.

39. The subject debt is a "consumer debt" within the meaning of the FDCPA.

40. Debt Collector is a "debt collector" within the meaning of the FDCPA.

41. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **6** of **13**

    a. Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the alleged Debt as due and owing in Collection Letter 2 when the alleged Debt was not legitimate.

    b. Debt Collector violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the alleged Debt as $706.43 when the Debt was actually $0.

    c. Debt Collector violated 15 U.S.C. § 1692e(10) by falsely representing in Collection Letter 2 the legal status of the alleged Debt as due and owing, and the amount of the Debt, when it sent Mr. Silva Collection Letter 2 when in fact Mr. Silva did not owe the alleged Debt.

    d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt when such amount was not expressly authorized by the agreement creating the Debt or permitted by law.

42. As a result of the above violations of the FDCPA, Mr. Silva has been subjected to illegal collection activities for which he has been damaged.

43. Debt Collector's actions have damaged Mr. Silva by invading his privacy.

44. Debt Collector's actions have damaged Mr. Silva by causing him embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **7** of **13**

45. Debt Collector's actions have damaged Mr. Silva by causing him emotional distress.

46. Debt Collector's actions have damaged Mr. Silva by causing him to lose sleep.

47. Debt Collector's actions have damaged Mr. Silva by causing him stress.

48. Debt Collector's actions have damaged Mr. Silva by causing him anxiety.

49. Debt Collector's actions have damaged Mr. Silva by causing him aggravation.

50. It has been necessary for Mr. Silva to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

51. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems just and equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

52. Mr. Silva re-alleges paragraphs 1-36 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **8** of 13

53. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the alleged Debt when Debt Collector knew that no such right existed because the Debt was illegitimate.

54. As a result of the above violations of the FCCPA, Mr. Silva has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

55. Debt Collector's actions have damaged Mr. Silva by invading his privacy.

56. Debt Collector's actions have damaged Mr. Silva by causing him embarrassment.

57. Debt Collector's actions have damaged Mr. Silva by causing him emotional distress.

58. Debt Collector's actions have damaged Mr. Silva by causing him to lose sleep.

59. Debt Collector's actions have damaged Mr. Silva by causing him stress.

60. Debt Collector's actions have damaged Mr. Silva by causing him anxiety.

61. Debt Collector's actions have damaged Mr. Silva by causing him aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **9** of **13**

62. It has been necessary for Mr. Silva to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

63. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Owner)*

64. Plaintiff re-alleges paragraphs 1-36 and incorporates the same herein by reference.

65. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

    a. Debt Owner violated Fla. Stat. § 559.72(7) by willfully continuing to force payment for a nonexistent Debt from Mr. Silva after litigation concluded when it sent Collection Letter 1, plus Debt Owner's subsequent sale, assignment, or transfer of the Debt to Debt Collector after Debt Owner

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **10** of **13**

confirmed in writing that Mr. Silva did not owe such Debt, which can reasonably be expected to harass Mr. Silva.

b. Debt Owner violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the legal status of the alleged Debt as properly due and owing when it sent Mr. Silva Collection Letter 1.

c. Debt Owner violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount of the alleged Debt as $517.00 in Collection Letter 1 when Debt Owner knew that the amount of the alleged Debt was properly $0.

d. Debt Owner violated Fla. Stat. § 559.72(9) by knowingly selling, assigning, or transferring the alleged Debt to Debt Collector for collection purposes after Debt Owner had previously confirmed in writing to Mr. Silva that no such Debt was owed.

66. At all times relevant hereto, Debt Owner was also directly and vicariously liable for the actions of Debt Collector.

67. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the alleged Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **11** of **13**

when Debt Collector knew that no such right existed because the Debt was illegitimate

68. Defendants' actions have damaged Mr. Silva by invading his privacy.

69. Defendants' actions have damaged Mr. Silva by causing him embarrassment.

70. Defendants' actions have damaged Mr. Silva by causing him emotional distress.

71. Defendants' actions have damaged Mr. Silva by causing him to lose sleep.

72. Defendants' actions have damaged Mr. Silva by causing him stress.

73. Defendants' actions have damaged Mr. Silva by causing him anxiety.

74. Defendants' actions have damaged Mr. Silva by causing him aggravation.

75. It has been necessary for Mr. Silva to retain the undersigned counsel to prosecute the instant action, for he is obligated to pay a reasonable attorney's fee.

76. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **12** of **13**

      g. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Cesar Silva, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 25, 2020**,

      */s/ Kaelyn Steinkraus*
      Kaelyn Steinkraus, Esq.
      Florida Bar No. 125132
      kaelyn@attorneydebtfghters.com
      Law Office of Michael A. Ziegler, P.L.
      Debt Fighters
      2561 Nursery Road, Suite A
      Clearwater, FL 33764
      (p)  (727) 538-4188
      (f)  (727) 362-4778
      *Counsel for Plaintiff*

,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Silva v. Casa Verde MHC, LLC and Hunter Warfield, Inc.*
Page **13** of 13